**FELEI P. MISAALEFUA, Claimant**

**v.**

**LEMAGA FA`ATUI FAOA, SUA PUTAGA POTASI, MANU MA`ATIFA ELESARO, MALAE TITO, TAUILIILI J. HUDSON, POTO U. MISAALEFUA,**
**Objectors/Counter-claimants.**

---

**In the matter of the Matai Title "MISAALEFUA"**

High Court of American Samoa
Land and Titles Division

MT No. 06-94

June 13, 1995

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, BETHAM, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Felei P. Misaalefua, Afoa Moega Lutu
 For Lemaga F. Faoa, Aviata F. Fa`alevao
 For Sua P. Potasi, Togiola T.A. Tulafono
 For Ma`atifa Elesaro, Lutu T. Fuimaono
 For Malae Tito, Albert Mailo
 For Tauiliili J. Hudson, Tuana`itau Tuia

Opinion and Order:

On August 6, 1993, Felei P. Misaalefua ("Felei") filed his succession claim to the Misaalefua title with the Territorial Registrar. This was done immediately after the conclusion of the Misaalefua family's very first, and inconclusive, meeting convened at Togalei (the site of the family's meeting house in Ofu, Manu`a) to address the issue of a successor matai. Felei's claim attracted the objections and counter-claims of a number of others including, Lemaga F. Faoa ("Lemaga"), Sua P. Potasi ("Sua"), Ma`atifa Elesaro ("Ma`atifa"), Malae Tito ("Malae"), and Tauiliili J. Hudson ("Tauiliili").[1]

After the prerequisite administrative proceeding before the Office of Samoan Affairs, and the Secretary of Samoan Affairs having certified an irreconcilable dispute pursuant to the provisions of A.S.C.A. § 43.0302, the matter was duly referred to the Land and Titles Division of the High Court. Trial herein commenced May 8, 1995, and concluded on May 16, 1995. The matter was then submitted for the Court's deliberation on May 29, 1995, following the filing post-trial briefs.

## DISCUSSION

In matai title disputes, the Court is guided by the four considerations set out in A.S.C.A. § 1.0409(c), in the priority listed. These are (1) the best hereditary right to the title; (2) the "wish of the majority or plurality of those clans of the family as customary in that family"; (3) forcefulness, character, personality, and knowledge of Samoan custom; and (4) value to the family, village, and country.

1. Best Hereditary Right

In construing the customary and statutory requirement of "hereditary right" to matai titles, the Court has generally employed two formulas to

---

[1] By the time of trial, Poto U. Misaalefua had effectively abandoned his claim.

calculate such right: direct descent from the original title holder and direct descent from the nearest title holder. *See In re Matai Title Mulitauaopele*, 17 A.S.R.2d 75, 80 (Trial Div. 1990). The first, which has become known as the "Sotoa rule," calculates the blood relationship of the matai candidate to the original titleholder. *See In re Matai Title Sotoa*, 2 A.S.R.2d 15 (Land & Titles Div. 1984). The rationale for the rule is that "[every new title holder does not start a new line of heredity." *Id.* The second formula, the "traditional rule," measures blood relationship to the nearest titleholder in a candidate's genealogy.

The Sotoa rule, while less arbitrary than the traditional rule, presents its own set of problems. For example, the Sotoa rule does not lend itself to the situation where the identity of the original titleholder has become unclear over the passage of time and thus disputed within the family. *See In re Matai Title Tauaifaiva*, 5 A.S.R.2d 13, 14 (Land & Titles Div. 1987). The Sotoa rule, however, while criticized and not often used, is nevertheless appropriate in certain cases. *In re Matai Title Tuiteleleapaga*, 15 A.S.R.2d 90, 91 (Land & Titles Div. 1990). It has been suggested, for instance, that the Sotoa rule may sometimes be appropriate for clans which have not held the title for several generations but whose members, according to the tradition in many families, remain entitled to a fair chance at each new vacancy and perhaps even to some affirmative credit on the theory that each clan should have its turn at the title. *See In re Matai Title Laie*, 18 A.S.R.2d 35, 37 (Land & Titles Div. 1991). And more recently in *In re Matai Title Lolo*, 25 A.S.R.2d 175, 176 (Land & Titles Div. 1994), the Court held that "[i]n . . . circumstances [where] family history is by and large harmonious . . . the "Sotoa rule" is the less arbitrary method of assessing hereditary entitlement."

In the matter before us, we are satisfied on the evidence that the six remaining candidates before the Court are all blood related to the Misaalefua title. Further, in our review of the testimony and the various *gafa* (genealogy) presented, we find that the Misaalefua title, albeit the ranking title in Ofu, is of relatively recent origin. Accordingly, we were able to find unanimity on family history, rarely seen in cases involving matai titles of more ancient origin, regarding the historical origin of the Misaalefua title as well as the identity of the very first titleholder. In these circumstances, given the consensus on family history, we conclude that the less arbitrary Sotoa rule is the appropriate formula for calculating hereditary entitlement in this matter.

In our review of the evidence and genealogical charts submitted, we find that the original titleholder, simply known on the evidence as

"Misaalefua," was the son of Sua Fulufulu; that the parties' genealogical roots to the original titleholder are as follows: Ma`atifa is 6th generation descendant--through his father's line, that Felei and Sua are 7th generation, that Lemaga is 8th generation, and that Malae and Tauiliili are 9th.

On the foregoing, we find, and so hold, that Ma`atifa prevails on the issue of blood entitlement and best heredity right.

2. Wish of the Majority or Plurality of the Clans

Under this heading, the Court is directed to inquire into "the wish of the majority or plurality of those clans as customary in that family." A.S.C.A. § 1.0409(c)(2). On this issue, the parties employed varying interpretations of the term "clan." Some candidates used the familiar definition of descent lines from the issue of the original title holder,[2] another defined clans in terms of descent groups from selected titleholders, while yet another attempted to define clans according to the manner in which the family recently convened to assemble fine mats and goods for an intended presentation. At the same time, a few of the candidates further proved quite flexible with the notion of clans, thus readily varying position between the time of filing answers to questionnaire to the time of taking the witness stand.

■ We are satisfied that the evidence preponderates in favor of descent groups stemming from the issue of the first titleholder, and find that there are four customary clans of the Misaalefua family, namely; Agafala, Vaepala, Tuimalie, and Faliu. On the other hand, the evidence failed to show that any one candidate commands the support of the majority of the family's four customary clans. Rather, the evidence clearly revealed that the Misaalefua family was never really afforded the opportunity to meaningfully pursue the issue of a matai successor. The family assembled for one meeting only that merely resulted in a decision to table the issue of matai succession for further discussion. Before that opportunity arose, candidate Felei triggered the intervention of the legal process by offering the title for registration. This in turn compelled the other candidates to file counter-claims in order to preserve their own rights, because of the sixty (60) days limitation period contained in A.S.C.A. § 1.0407.

---

[2] This definition of "clan" was recognized in *In the Matai Title Sotoa*, 2 A.S.R.2d at 16, "as more in accordance with Samoan custom."

Consequently, there were no more family meetings as such.[3] In lieu thereof, each candidate, as brought out upon cross-examination, had essentially convened, invariably at his own private residence on the island of Tutuila, a private meeting of his own known supporters in anticipation of litigation. Without exception, each candidate thus felt able to claim on the basis of these private meetings that he was duly chosen by his clan.

 Absent evidence regarding a family position on the question of matai succession, some of the candidates suggested that family support could be alternatively gauged according to the number of signatures on a given candidate's petition, filed with the Territorial Registrar. While these petitions are sometimes useful for corroborative purposes, they can hardly be taken as conclusive proofs of the clan support criterion. First, a simple tally of signatures contained in matai succession petitions does not necessarily establish the weight of *clan* support, as mandated by A.S.C.A. § 1.0409(c)(2). For example, Clan A with ten family members would statutorily have just as much say as Clan B with 100 members, and Clan C with 1000 members. Thus, the candidate with the full support of Clans A and B's total of 110 members prevails over the candidate with Clan C's 1000 members. Second, the Court in applying statutory criteria for matai titles is mindful of the statute's overarching purpose which is to preserve Samoan culture, rather than destroy it, and minimize the extent to which customary law is modified or overridden by the imported procedural framework. *In re Matai Title Ma`ae*, 6 A.S.R.2d 75, 77 (Land & Titles Div. 1987). In our view, the suggested tally of signatures, as an alternative manner to assessing clan support, is hardly consistent with the statutory purpose of preserving Samoan culture, which reflects decision making by consensus rather than by poll. *In re Matai Title Tauala*, 14 A.S.R.2d 83, 88 (Land & Titles Div. 1990) ("Samoan families traditionally make decisions not by pure majoritarian democracy but by consensus"); *see also Fagasoia v. Fanene*, 17 A.S.R.2d 91, 94 (Land & Titles Div. 1990)

We find that the Misaalefua family had never really meaningfully addressed the selection of a successor matai, and, therefore, conclude that no candidate prevails on this consideration.

---

[3] The only other concerted efforts to meet on the issue of matai succession was the statutorily mandated meetings of the candidates before the office of Samoan Affairs and their ensuing last ditch effort at Togalei to resolve things extra-judicially. These efforts of the candidates merely resulted in the consensus to refer the matter to court.

110

3. Forcefulness, Character and Personality, and Knowledge of Samoan
 Customs

With regard to knowledge of Samoan custom, we find no one candidate
standing out ahead of his fellow contenders. We encountered with certain
candidates the recurrently emerging defense to one's inability to recite
from memory appropriate honorifics pertaining to a given occasion, that
fa`alupega books and other recorded material were readily available for
immediate reference. Each candidate, however, was able to demonstrate
knowledge of family history and some familiarity with the customs and
traditions of the Misaalefua family.

Under forcefulness, character and personality, each candidate has
demonstrated his relative strengths with evidence of personal history and
achievements. On balance, however, we find that candidate Tauiliili more
than anyone else reflects a greater aggregate of those various strengths
which the candidates have emphasized.

After a relatively late start in life, owing in large part to his sense of
family obligation, Tauiliili has risen from his humble beginnings in Ofu to
prominence as an astute businessman and as a leading matai and
longstanding member of the Village Council of Ofu. His assumption of
the title Tauiliili at a comparatively early stage in life impressed us as
being in keeping with the old Samoan adage that speaks of the path to
leadership in terms of traditional service to matai and family.

While on his way to becoming a self-made man, Tauiliili managed to
acquit himself admirably, in demonstrated action and deed, as holder of
the matai title Tauiliili. Notwithstanding his earlier off-island residency,
while in pursuit of education and foundation career goals, he remained
faithful to his service obligations to his family and in his matai
responsibilities to the village. Despite material success, which he often
shared with his communal family, village, church, and even government,
Tauiliili does not seem to have lost site of his humble origins, as well as
the sense of family obligation that gave rise to his investiture with the
Tauiliili family's title.

In short, we find that all candidates are approximately on par with regard
to the consideration of knowledge of Samoan custom, but that Tauiliili is
superior on the issue of forcefulness, character and personality. We
accordingly conclude that Tauiliili prevails on this criterion.

## 4. Value to Family, Village, and Country

On this issue, we also find in favor of Tauiliili. In terms of youth, active and longstanding matai experience within the village of Ofu, as well as demonstrated service to family, village, church, and government, together with proven leadership ability, we find that Tauiliili best projects potential value to the Misaalefua family, village, and country.

■ As we alluded to above, certain family lines have dominated the family's title for many generations. This has resulted in certain family members' unreasonable assertion of dominion and control over communal assets, as witnessed by the recent division of National Parks' lease income by the descendants of Misaalefua Potosi`i, during the pending matai vacancy, to the exclusion of the rest of the family. In turn, this state of affairs has bred factionalism, rivalry, and discord within the family as manifested by the number of candidates in this title dispute and the summary manner in which this matai succession issue was rushed to the legal process. At the same time, the matai title Misaalefua is a title of paramount stature in the territory. The Misaalefua family thus requires a strong and dynamic titleholder who will not only promote the title's stature but, more importantly, restore harmony and cohesion within the family. We find that candidate Tauiliili exhibits those qualities best suited to that task.

### ORDER

Since Ma`atifa prevails in blood only, and Tauiliili prevails in considerations third and fourth, with no one prevailing on the issue of clan support, Tauiliili is, therefore, adjudged to be best qualified to hold the title Misaalefua. The Territorial Registrar shall, in accordance with the requirements of A.S.C.A. § 1.0409(b), register the matai title Misaalefua from the village of Ofu in candidate Tauiliili J. Hudson.

Judgment shall enter accordingly.

It is so ordered.